HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FAIRHAVEN HEALTH, LLC,

                    Plaintiff,

          v.

BIOORIGYN, LLC, JOANNA
ELLINGTON, AKA JOANNA CLIFTON,
AND DENNIS CLIFTON,

                    Defendants.

Case No.  2:19-cv-01860-RAJ

**ORDER DENYING MOTIONS
TO SEAL WITHOUT
PREJUDICE**

          This matter comes before the Court on the parties' motions to seal.  Dkt. ## 38, 45, 51, 57.  Previously, the Court dismissed Plaintiff Fairhaven Health LLC's complaint with leave to amend.  Dkt. # 37.  Since then, Fairhaven amended its complaint, Dkt. # 40, Defendants moved to dismiss the amended complaint, Dkt. # 46, and Fairhaven opposed the motion, Dkt. # 52.  The motion is now fully briefed.  Dkt. ## 46-47, 52-56.  Through the instant motions to seal, the parties seek to seal both the amended complaint and their motion to dismiss briefing and declarations.  Dkt. ## 38, 45, 51, 57.  The motions to seal are unopposed.

          "Historically, courts have recognized a 'general right to inspect and copy public

ORDER – 1

records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when a court considers a sealing request, "a strong presumption in favor of access is the starting point." *Id.* at 1178 (internal quotation marks omitted).

"'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion." *Id.* at 1179.  That is, the party seeking to seal a judicial record must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79.  Compelling reasons may exist when court records "become a vehicle for improper purpose," such as using the records "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Civil Local Rule 5(g).  Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." W.D. Wash. Local Rules LCR 5(g)(3)(B).

The policy and presumption in favor of public access is weighty; the parties have not overcome that presumption.  Both parties posit that the underlying documents to be sealed are confidential and proprietary. *See, e.g.*, Dkt. # 45 at 1-2, Dkt. # 51 at 3.  The records, they say, contain "intellectual property strategies, product formulations and specifications, manufacturing details, and business strategy." *See, e.g.*, Dkt. # 45 at 1-2, Dkt. # 51 at 3.  The Court has reviewed the documents and generally agrees with their

ORDER – 2

characterization.

Yet their explanation of "the injury that will result if the relief sought is not granted" is lacking.  W.D. Wash. Local Rules LCR 5(g)(3)(B)(ii).  Their allegations of harm are broad and unsubstantiated by specific examples or articulated reasoning.  Fairhaven's argument is conclusory and measures one sentence long: "Disclosure of this information could substantially harm Plaintiff's ability to compete with its competitors and maintain a viable and profitable business."  Dkt. # 51 at 3; Dkt. # 38 at 4.  Defendants, on the other hand, do not identify any harm at all.  Dkt. # 45.  This fails to show "compelling reasons" why the documents should be sealed.

What is more, the Court sees no explanation from the parties about "why a less restrictive alternative to the relief sought is not sufficient."  W.D. Wash. Local Rules LCR 5(g)(3)(B)(iii).  This is especially troubling given that the parties seek to file their briefs and supporting documents completely under seal.  Dkt. ## 46-47, 52-56.  The Court strongly prefers redacting documents to filing them completely under seal.  The declarations and exhibits may well contain enough confidential and proprietary information to make applying individual redactions impractical.  But the parties have not explained if that is the case or, at the very least, why a less restrictive alternative is insufficient.  As for the underlying briefs themselves, the Court doubts that redactions of confidential portions would be insufficient and advises the parties to file a public, redacted version accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For the reasons stated above, the Court **DENIES** the parties' motions to seal (Dkt. ## 38, 45, 51, 57) **without prejudice to refiling**.[1]  Within 14 days of this Order, the parties may refile their motions to address the shortcomings identified above.  If they do not, the Court may direct the Clerk to unseal the sealed documents.

DATED this 22nd day of September, 2021.

The Honorable Richard A. Jones
United States District Judge

---

[1] Defendants filed their reply brief and a supporting declaration under seal.  Dkt. ## 55, 56.  They have not, however, moved to seal those documents.  If Fairhaven does not move to seal those documents **within 14 days of this Order**, the Court may direct the Clerk to unseal the documents.

ORDER – 4