THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                             AT SEATTLE

10   FAIRHAVEN HEALTH, LLC,                )
                                           )
11                         Plaintiff,      )
                                           )
12          v.                             )    Case No. 2:19-cv-01860-RAJ
                                           )
13   BIO-ORIGYN, LLC, JOANNA               )    **ORDER**
     ELLINGTON, AKA JOANNA                 )
14   CLIFTON, AND DENNIS CLIFTON,          )
                                           )
15                         Defendant.      )
16   _____

17          This matter is before the Court on several motions: Defendant's Motion to Seal

18   Redacted Portions of their Answer, Affirmative Defenses, and Counterclaims (Dkt. ##

19   73, 74); Plaintiff's Motion to Seal Defendant's Confidential Information in Plaintiff's

20   Answer to Defendant's Counterclaims (Dkt. ## 83, 84); Plaintiff's Motion to Seal

21   Confidential Exhibits attached to the Declaration of Zachary Swillinger (the "Zwilinger

22   Exhibits") (Dkt. ## 104, 105) in support of Plaintiff's Motion for a More Definite

23   Disclosure of Infringement Contentions (Dkt. # 102); Plaintiff's Motion to Seal

24   Confidential Exhibits attached to the Declaration of Suzanne Munson (the "Munson

25   Exhibits") (Dkt. ## 110, 111) in support of Plaintiff's Motion for a More Definite

26   Disclosure of Infringement Contentions; Plaintiff's motion for an Extension of Time to

27   Reset Deadline for Joining Additional Parties (Dkt. #82); and the parties' Expedited

ORDER - 1

Joint Motion for Discovery Pursuant to LCR 37(a)(2) (Dkt. # 106). On August 15, 2022, the Court held a telephonic conference and heard arguments from the parties concerning the pending motions. Having considered the submissions of the parties, the written and oral arguments of counsel, the relevant portions of the record, and the applicable law, the Court sets forth its ruling on each motion as follows.

## I.       Sealing Motions

Previously, the Court granted several motions to seal, allowing the parties to redact certain confidential information in the Complaint (Dkt. # 36), Defendant's Motion to Dismiss (Dkt. # 69), and Plaintiff's Amended Complaint (Dkt. # 69).

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). Under LCR 5(g), whichever party designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." *Id*. The Court will address each request to seal in turn.

*Defendants' Motion to Seal Redacted Answer, Affirmative Defenses and Counterclaims (Dkt. # 73)*

Defendants seek to have portions of their Answer, Affirmative Defenses and Counterclaims redacted. As Defendants note, the Court "strongly prefers redacting documents to filing them completely under seal." Dkt. # 73 at 3. Here, Defendants have

ORDER - 2

requested a less restrictive alternative to sealing entire documents, instead seeking to redact portions of their Answer, Affirmative Defenses, and Counterclaims that discuss a non-party and that contain sensitive business information. *Id.* at 2-3. However, Defendants seek to have several *paragraphs* of their Answer and Counterclaims redacted. While the Court understands Defendants' interest in maintaining the confidentiality of business-related and proprietary information, the Court must balance this with the right of public access. *See* LCR 5(g). Therefore, the Court **STRIKES** Dkt. # 73, and grants Defendants leave to refile the motion. The Court orders the Defendants to conduct a review of proposed redactions, paying specific attention to instances where Defendants have proposed the redaction of whole paragraphs, to ensure that such proposed redactions are as narrowly tailored as possible. Defendants shall file a motion to seal containing any revised redactions with the Court within **ten (10) days** of the date of this order.

*Plaintiff's Motion to Seal Defendants' Confidential Information in Fairhaven's Answer to Defendant BioOrigyn's Counterclaims (Dkt. # 83)*

Plaintiff seeks to have portions of their Answer that discuss a non-party and refer to sensitive business information redacted. Dkt. ## 83, 84. The Court finds the proposed redacted version of Plaintiff's Answer, which is to be filed on the public docket, to be reasonable. Again, Plaintiff has requested a less restrictive alternative to sealing entire documents, *see* LCR 5(g)(3)(B), and this motion is unopposed. The Court **GRANTS** the motion.

*Plaintiff's Motions to Seal the Zwillinger Exhibits (Dkt. # 104) and the Munson Exhibits (Dkt. # 110)*

Plaintiff requests that the Court seal several exhibits that are attached to the Declarations of Zachary Zwillinger and Suzanne Munson. The Court has reviewed the Zwillinger and Munson exhibits and finds that they contain sensitive proprietary and confidential business information. *See Moussouris v. Microsoft Corp.*, No. 15-cv-1483

ORDER - 3

JLR, 2018 WL 2124162, at *2 (W.D. Wash. Apr. 24, 2018). Additionally, these motions are unopposed. The Court **GRANTS** the motions to seal the Zwillinger and Munson exhibits.

### II.    Scheduling Motion

Plaintiff requests that the Court reset the deadline for the joining of additional parties "to be set following the entry of the *Markman* Order." Dkt. # 82 at 1. The Court's March 2, 2022 Order Setting Case Schedule required that additional parties be joined by March 18, 2022, Dkt. # 79, and on June 6, this Court stayed all deadlines related to claim construction in light of Plaintiff's motion concerning Defendant's infringement contentions. Dkt. # 113. Plaintiff argues that there is good cause to reset the deadline because Plaintiff needs an opportunity to conduct discovery in order to ascertain whether additional parties will need to be joined and who those parties may be. Dkt. # 82 at 2. In making its request, Plaintiff notes that, in February 2022, the parties jointly proposed that motions to join additional parties be filed at least 60 days prior to the close of fact discovery. Dkt. # 76. Defendants, on the other hand, oppose the motion, arguing that such deadlines are purposely set early in the case so that all interested parties have an opportunity to participate in the matter. Dkt. # 90 at 1. Additionally, Defendants argue that they will be prejudiced by a later deadline. *Id.*

The Court may modify the case schedule for good cause, Fed. R. Civ. P. 16(b)(4), and the decision to modify a case schedule is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The good cause analysis "primarily considers the diligence of the party seeking amendment." *Espinoza v. City of Seattle*, No. C17-1709JLR, 2019 WL 5079950, at *5 (W.D. Wash. October 9, 2019) (quoting *Johnson*, 975 F.2d at 608). Here, Plaintiff made the instant request prior to the expiration of the deadline. *See* Dkt. #82. Additionally, the parties have represented that discovery has barely begun in earnest. Given that, the Court finds that any potential prejudice to the Defendants is outweighed by the parties'

need to conduct discovery and uncover relevant facts to determine whether any additional parties need to be joined. The Court **GRANTS** the motion and finds that good cause exists to reset the deadline to join additional parties to 60 days prior to the end of fact discovery.

### III.     LCR 37 Protective Order Dispute

The parties have requested that the Court resolve one dispute concerning the protective order that they are negotiating, and they submitted an Expedited Joint Motion for Discovery Pursuant to LCR 37(a)(2). The parties' dispute concerns the potential designation of individuals with permission to review highly sensitive business and proprietary materials. Plaintiff seeks the ability to designate individuals beyond their outside counsel to review sensitive material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY [AEO]," such as:

(a) trade secrets, (b) business and other strategic plans, (c) financial documents including sales and profit information, (d) pricing information, (e) customer lists, customer quotations, and customer orders, (f) marketing plans and forecasts, (g) unpublished patent applications, and (h) research and development materials, and other technical data or information such as product development information, manufacturing processes, product specifications, engineers information, and testing documents to the extent they relate to products other than BabyIt, BabyDance, IsoFresh, and Sage.

Dkt. # 106-3 (Proposed Protective Order) at 2-3. Plaintiff argues that its ability to prosecute the case will be hindered if certain Fairhaven designees are prevented from reviewing these highly sensitive materials. Dkt. # 106 at 2. Plaintiff's case concerns whether Defendants developed intellectual property that Plaintiff alleges rightfully belongs to Fairhaven but was never disclosed. *See* Dkt. # 40 (Plaintiff's Amended Complaint and Request for Injunctive Relief) at ¶¶ 88-90. Plaintiff argues that it is critical that two former Fairhaven principals, Kelly Andrews and Ethan Lynette, have access to AEO material, because Andrews and Lynette are the only individuals that can assist Plaintiff in ascertaining whether Defendants created intellectual property

ORDER - 5

stemming from their business relationship with Fairhaven without disclosing its existence.[1] Dkt. # 106 at 2. In support of its position, Plaintiff proposes the inclusion of a clause within the Protective Order requiring that any AEO designees not be involved in patent prosecution or research and development endeavors. *Id.* at 3.

Defendants, on the other hand, argue that no Fairhaven employees should have access to AEO materials, especially those as sensitive as unpublished patent materials. *Id.* at 4. Defendants propose that Plaintiff's outside counsel and independent experts and consultants have access to such material, but argue that Plaintiff's proposal creates an unacceptable risk for disclosure of Defendants' highly sensitive technical documents that are unrelated to the specific products that arose from the parties' prior collaboration and are at issue in this case. *Id.* In response to Defendants' concerns, Plaintiff states that Andrews and Lynette do not stand to receive any further renumeration from Fairhaven, and will receive no benefit if Fairhaven were to ultimately prevail in this litigation. But Defendants counter that, even if Andrews and Lynette do not have a financial interest in the outcome of the case, they are neither experts nor attorneys with a need to review highly sensitive documents, and Plaintiff has no compelling interest in Andrews and Lynette having access to AEO materials. The Court finds Plaintiff's argument that Andrews and Lynette should have access to AEO materials persuasive.

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders and allows the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including… requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). The Court must balance the conflicting interests of the parties

---

[1] While the parties' briefing generally addresses whether employees of Fairhaven should have AEO access, during a telephonic hearing on August 15, 2022, Plaintiff stated that Fairhaven would likely seek to designate *former* Fairhaven principals Andrews and Lynette as individuals having access to AEO material.

when considering protective orders for trade secrets, specifically the risk to Defendant of inadvertent disclosure of trade secrets to competitors against the risk that Plaintiff's prosecution of its claims will be impaired. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). In evaluating the parties' conflicting interests, the Court should look at the parties' "specific factual circumstances." *Id.* at 1471. Crucially, the Court must consider whether the proposed designees are engaged in "competitive decision making," because if the designees are engaged in such endeavors, "the risk of disclosure may outweigh the need for confidential information." *Intel Corp. v. Via Technologies, Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000) (citing *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)).

Here, Plaintiff has asserted that Andrews and Lynette are in no way engaged in competitive decision making on Fairhaven's behalf, as they sold their interests in Fairhaven and are no longer associated with the company. In fact, Plaintiff states that both Andrews and Lynette now work in non-scientific (and completely unrelated) business fields, and are in no way competitors of BioOrigyn. This all but eliminates the concern that competitive decision makers will be granted access to Defendants' AEO material. *See American Standard v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) (noting that "[c]ourts have presumed that disclosure to a *competitor* is more harmful than disclosure to a *noncompetitor*"). While Defendants argue that the parties are "direct competitors," and as such there is a risk of abuse and competitive loss, Dkt. # 106 at 4, the two specific individuals proposed by Plaintiff do not appear to be at risk of potentially misusing BioOrigyn's confidential information "to secure an unfair competitive advantage," *Intervet, Inc. v. Merial Ltd.*, 241 F.R.D. 55, 57 (D. D.C. 2007), because they no longer work at Fairhaven, or in any related scientific field.

Further, the Court must consider Plaintiff's argument that designating Fairhaven's former principals as individuals with access to AEO material is crucial to its ability to prosecute its claims against Defendants. As noted above, Plaintiff has

ORDER - 7

alleged that Defendants held themselves out as the owners of intellectual property that was in actuality the property of Fairhaven, *see, e.g.* Amended Complaint at ¶¶ 94-100. Plaintiff argues that only Andrews and Lynette, former principals who engaged in a business relationship with BioOrigyn for years, will be able to identify intellectual property that Plaintiff contends rightfully belongs to Fairhaven, based on their prior experience with Defendants.

The Court agrees that preventing the former Fairhaven principals from accessing AEO material "could impair [Plaintiff's] ability to prosecute its claims against defendants, at the heart of which" is Fairhaven's allegation that BioOrigyn misused intellectual property created during the parties' prior business relationship. *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 502 (D. Kan. 2007) (rejecting a two-tiered protective order, and allowing Plaintiff's in-house personnel access to confidential information because (1) preventing access would impair Plaintiff's ability to prosecute claims at the heart of the suit, (2) the parties enjoyed a prior business relationship and there was no suggestion that Plaintiff misappropriated confidential information, and (3) the risk of personnel abusing confidential information appeared to be small); *L-3 Commc'n Corp. v. Jaxon Eng'g & Maint., Inc.*, 863 F.Supp.2d 1066, 1092 (D. Colo. 2012) (affirming Magistrate Judge decision to allow current employee access to AEO material because the employee possessed both expertise and factual knowledge, and was "essential to the ability of the plaintiff to prove their case"); *see also THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 461, 462 (E.D. Ill. 1991) (rejecting a protective order proposal barring Plaintiff's past and present employees access to confidential material, and specifically allowing current company president and purported inventor of products at issue access because to preclude the president's access would "hamstring" Plaintiff's litigation efforts).

//

//

ORDER - 8

The Court encourages both parties to fully ascertain the contours of Andrews' and Lynette's relationship with Fairhaven as former principals and share this information with the opposing side. While Plaintiff has stated that the former principals have no relationship with Fairhaven and do not stand to benefit from the outcome of the litigation, Defendant may choose to confirm this via targeted discovery requests prior to the exchange of sensitive business information.

Plaintiff shall submit a proposed protective order, consistent with this opinion, for the Court's signature within **ten (10) days** of the date of this Order.

**IV.    Conclusion**

Based on the foregoing reasons, the Court **STRIKES** Defendants' Motion to Seal with leave to re-file within **ten (10) days** of the date of this Order. Dkt. # 73. The Court **GRANTS** Plaintiffs' Motions to Seal. Dkt. ## 83, 104, 110. The Court **GRANTS** Plaintiff's Motion to Reset Deadline to Join Additional Parties and resets the deadline to join additional parties to 60 days prior to the close of fact discovery. The Court **GRANTS** Plaintiffs' request concerning the draft protective order and orders Plaintiff to submit a proposed protective order, consistent with this opinion, within **ten (10) days** of the date of this Order.

DATED this 24th day of August, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER - 9