THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAIRHAVEN HEALTH, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BIOORIGYN, LLC, JOANNA ELLINGTON aka JOANNA CLIFTON, and DENNIS CLIFTON,<br><br>　　　　Defendants. | CASE NO. 2:19-cv-01860-RAJ<br><br>**PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

　　Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. This agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential material under seal.

PROTECTIVE ORDER- 1
Case No. 2:19-cv-01860-RAJ

2.  CONFIDENTIAL MATERIAL

Confidential Material may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, pursuant to this Protective Order. Unless indicated otherwise, Confidential Material shall include both information designated as CONFIDENTIAL and information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Materials designated as CONFIDENTIAL shall include the following documents and tangible things produced, provided, or otherwise exchanged, and all information contained or disclosed therein: A Party's or non-party's documents that would otherwise qualify for protection as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Section but that was already available to the receiving Party through proper means, and all material, data, and information obtained, derived, or generated from the foregoing CONFIDENTIAL material, to the extent the same are not publicly available or otherwise subject to the exclusions herein. For avoidance of doubt, all non-public documents pertaining to BabyIt, BabyDance, IsoFresh, and Sage shall be CONFIDENTIAL. Licensing and consulting agreements. Data Protection Information, which includes information that a producing Party reasonably believes to be subject to state, federal, or foreign data protection laws or other privacy obligations. Examples of Data Protection Information include, but are not limited to, natural persons' personal identifying information, financial information, medical/insurance information, and other information that the designating Party reasonably believes to be subject to protection from disclosure by a natural person's right of privacy under applicable privacy laws or regulations. The term "documents" as used herein shall have the same meaning and scope as set forth in Fed. R. Civ. P. 34(a).

Materials designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall mean the following materials that are not public or do not reflect publicly available information the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive means and that have not already been shared with the receiving Party: (a) trade

secrets; (b) business and other strategic plans; (c) financial documents including sales and profit information, (d) pricing information, (e) customer lists, customer quotations, and customer orders, (f) marketing plans and forecasts, (g) unpublished patent applications, and (h) research and development materials, and other technical data or information such as product development information, manufacturing processes, product specifications, engineering information, and testing documents to the extent they relate to products other than BabyIt, BabyDance, IsoFresh, and Sage.

3.   SCOPE

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material. The Protective Order shall govern all documents, testimony, and information contained therein, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, that the producing Party produces to the receiving Party and that the producing Party designates as confidential under this Protective Order. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

Nothing herein shall be construed as an admission or concession by any Party that designated Confidential Material, including any document, testimony, or information derived from Confidential Material, constitutes material, relevant, or admissible evidence in this matter. The entry of this Protective Order does not preclude any Party from seeking further order of this Court, including modification of this Protective Order, challenging of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as improper, or from objecting to discovery that the Party believes to be improper.

4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1     <u>Basic Principles</u>. A receiving Party may use Confidential Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material shall not be used for any business, competitive, or other non-litigation purpose, including, but not limited to, filing or prosecuting patent applications or any FDA communications or petitioning activity, without the express written consent of counsel for the designating Party or by order of the Court. The non-litigation purposes identified in the previous sentence are solely for purposes of clarity and illustration and shall not be read to expand the scope of permissible use of Confidential Material under this Protective Order. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    For avoidance of doubt, nothing in this Protective Order will bar outside counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, provided that the contents of the information are not disclosed except as permitted by this Protective Order. Further, the restrictions or obligations of this Protective Order will not be deemed to prohibit discussion of any Confidential Material with anyone if that person already has or obtains legitimate possession of that information.

    4.2     <u>Disclosure of Information or Items designated as CONFIDENTIAL</u>. Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any material designated CONFIDENTIAL only to:

        (a)     the receiving Party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, including other attorneys, technical advisors, analysts, paralegals, secretaries and other

support staff regularly employed by their law firms, provided that such employees abide by the restrictions of this Protective Order;

(b) up to three (3) current or former officers, directors, or employees (including in house counsel) of the receiving Party to whom disclosure is reasonably necessary for this litigation and who have each first made a written request to the designating Party that (i) sets forth his or her full name, (ii) identifies his or her job title and provides a general description of the his or her duties, and (iii) confirms that he or she has reviewed this Protective Order and has signed an executed copy of the attached "Acknowledgment and Agreement to Be Bound" (Exhibit A). Notwithstanding anything in this Protective Order to the contrary, designees under this Section 4.2(b) shall also be allowed access to information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under Section 2(g) and (h), in view of the protections under Section 4.1, so long as such recipients are not involved in patent prosecution or research and development on behalf of the Party, and are due no remuneration tied to the outcome of this litigation. For avoidance of doubt and pursuant to the Court's Order of Dkt. 119, where the Receiving Party is Fairhaven, such designees pursuant to Section 4.2(b) of this Protective Order to whom disclosure of (1) CONFIDENTIAL documents and (2) HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents under Section 2(g) and (h), is reasonably necessary for this litigation and shall be made, shall include Fairhaven's former employees who are Ethan Lynette and Kelly Andrews, so long as they fulfill the requirements set forth in Section 4.2(b);

(c) independent consultants or experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and including any associates or analysts working under the supervision of such independent experts, under the conditions set forth in this paragraph. The right of any independent expert to receive any Confidential Material will be subject to the advance approval of such expert by the producing Party or by permission of the Court. The Party seeking approval of an independent expert must provide the producing Party with (i) a current curriculum vitae of the

PROTECTIVE ORDER- 5
Case No. 2:19-cv-01860-RAJ

proposed independent expert; (ii) identification of the full name of the expert or consultant and the city or state of his or her primary residence; (iii) identification of the expert or consultant's current employer(s); (iv) identification of any previous or current relationship with any of the Parties; (v) identification (by name and number of the case, filing date, and location of court) of any litigation in connection with which the expert or consultant has offered testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five (5) years; and (vi) an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Material of the producing Party to the expert or consultant. Any objection by the producing Party to an independent expert or consultant receiving Confidential Material must be made in writing within seven (7) business days following receipt of the identification of the proposed expert or consultant. Confidential Material may be disclosed to an independent expert or consultant if the seven (7) business day period for objection has passed and no objection has been made. The Parties agree to promptly confer and use good faith to resolve any such objection. The approval of independent experts must not be unreasonably withheld. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the risk of harm that the disclosure would entail outweighs the receiving Party's need to disclose the Confidential Material to its expert or consultant. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) the Court, court personnel, and court reporters and their staff;

(e) persons or firms retained for the purpose of litigation support (e.g. professional vendors for copy or imaging services retained by counsel to assist in the duplication of Confidential Material; audio and video recording; interpreting or translating; preparing exhibits or demonstratives; organizing, storing or retrieving data in any form or medium; jury consulting; mock trial coordination; litigation presentation ("hot seat") technicians, etc., provided that counsel

PROTECTIVE ORDER- 6
Case No. 2:19-cv-01860-RAJ

for the Party retaining the such persons or firms instructs them not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material at the conclusion of their services or this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is made and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material may not be disclosed to anyone except as permitted under this Protective Order or otherwise agreed upon by the Parties; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

For the avoidance of doubt, nothing in this Protective Order shall limit disclosure or use by a producing Party of its own Confidential Material.

4.3   <u>Disclosure of Information or Items designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>. Access to, and disclosure of, any material designated <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY</u> shall be limited to individuals listed in Sections 4.2(a), the last sentence of 4.2(b), and 4.2(c)-(g).

4.4   <u>Filing Confidential Material</u>. Before filing Confidential Material or discussing or referencing such material in court filings, the filing Party shall confer with the designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating Party will remove the confidentiality designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific Confidential Material at issue, and the filing shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under

seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.   DESIGNATING PROTECTED MATERIAL

   5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other Parties) expose the designating Party to sanctions.

   If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

      (a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the words CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). With respect to all designated materials produced with an associated load file, the producing Party will include the appropriate designation in the load file. With respect to all designated digital files produced in native format, the producing Party will include the appropriate designation in the filename or cover sheet.

      (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a Party or non-party desires to protect Confidential Material at trial, the issue should be addressed during the pre-trial conference.

      (c)    <u>Other tangible items</u>: the producing Party must affix in a prominent place on the exterior of the container or containers in which the Confidential Material or item is stored the words CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional disclosure, without the required confidentiality designation, of any document, testimony, or information that the disclosing Party intended to designate as Confidential Material shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter. In the event that a designating Party makes such an inadvertent production, that Party shall contact the receiving Party within 30 days of the discovery of the inadvertent production, or as promptly as reasonably possible

thereafter, and inform the receiving Party or Parties in writing of the inadvertent production and the specific material at issue.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material or for materials of the same or related subject matter. Upon timely correction of a designation, which shall be made by the designating Party in writing promptly after the discovery of the inadvertent production, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement. The receiving Party must treat the materials as Confidential Material, once the designating Party so notifies the receiving Party. If the receiving Party has disclosed the materials before receiving the designation, the receiving Party shall notify the designating Party in writing of the identity of any persons to whom such materials are disclosed who would not be entitled to receive such materials under this Protective Order. The designating Party shall advise such persons of the terms of this Protective Order and request that such persons sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1  <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time. The designating Party bears the burden of establishing confidentiality if a designation is challenged. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2  <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidentiality designations without court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or

in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected Parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party must:

    (a)    promptly notify the designating Party in writing and include a copy of the subpoena or court order. The recipient of the request, subpoena, or order shall not disclose any Confidential Material pursuant to the request, subpoena, or order prior to the date specified for production on the request, subpoena, or order;

    (b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Material may be affected; and

PROTECTIVE ORDER- 11
Case No. 2:19-cv-01860-RAJ

(d) the designating Party may, in its sole discretion and at its own cost, move to quash or limit the request, subpoena, or order, otherwise oppose the disclosure of the Confidential Material, or seek to obtain confidential treatment of such material, to the fullest extent available under law, by the person or entity issuing the request, subpoena, or order. The Party who received the request, subpoena, or order shall not oppose or otherwise interfere with the designating Party's effort to quash or limit the request, subpoena, or order.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

This protective order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, physician-patient privilege, work product doctrine, or any other applicable privilege, state, federal, or foreign law or regulation. When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production or disclosure of disclosed privileged information shall not constitute or be deemed a waiver or forfeiture in whole or in part—in this or any other action—of any claim of attorney-client privilege or work product immunity that the disclosing Party would otherwise be entitled to assert with respect to the disclosed privileged information and its subject matter regardless of the

circumstances of the production or disclosure. This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work product protected document is not a waiver of privilege or protection from discovery in this case or in any other federal proceeding.

If a disclosing Party notifies the receiving Party of disclosed privileged information, the receiving Party shall, within ten (10) days: (i) return or destroy (or in the case of electronically stored information, delete) all copies of such information (including all notes or other work product of the receiving Party reflecting the contents of the disclosed privileged information) within their possession, custody, or control—including all copies in the possession of experts, consultants, or others to whom the disclosed privileged information was provided—and (ii) confirm in writing that all such disclosed privileged information has been returned or destroyed. From the moment a disclosing Party provides notice of production of disclosed privileged information, a receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Protective Order and may not be copied, distributed, or otherwise used pending a motion and further notice from the Court.

If the receiving Party contests the claim of attorney-client privilege or work product protection of disclosed privileged information, the receiving Party may—within 10 days of receipt of the notice of disclosure—move the Court for an order compelling production of the disclosed privileged information ("Disclosure Motion"). Such a Disclosure Motion shall be filed or lodged conditionally under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the production of disclosed privileged information. Pending resolution of the Disclosure Motion, the receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed

PROTECTIVE ORDER- 13
Case No. 2:19-cv-01860-RAJ

Disclosure Motion. On any such Disclosure Motion, the disclosing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the disclosed privileged information. If the receiving Party intends to contest the claim of attorney-client privilege or work product protection, the receiving Party may retain one copy of the documents containing disclosed privileged information, as well as notes or other work product of the receiving Party that reflects the contents of disclosed privileged information, for the purpose of filing a motion to contest the designation, provided that the one copy, notes, or other work product retained by the receiving Party must be sequestered and must not be used for any purpose except to present the information to the Court for a determination of the claim of privilege.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving Party must return all Confidential Material to the producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, outside counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

After the termination of this action by entry of a final judgment or order of dismissal (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the provisions of this Protective Order shall continue to be binding. This Protective Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents, and their attorneys. The Parties agree that the terms of this Protective Order shall be interpreted and enforced by this Court. The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

PROTECTIVE ORDER- 14
Case No. 2:19-cv-01860-RAJ

11. <u>THIRD PARTY PRODUCTION</u>

11.1   To the extent that discovery or testimony is taken of third parties, the third parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any documents, information or other material, in whole or in part, produced or given by such third parties pursuant to this Protective Order.

To the extent that discovery or testimony is taken of a third party and the third party does not designate a non-public document, information or other material, in whole or in part, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order, such non-public material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order for thirty (30) days, at which point this designation shall end. If, however, during the thirty (30) day period, the third party designates the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order, the material will be treated as the third party designated it. If, during that thirty (30) day period, a Party has reason to believe that material from the third party ought to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, then that Party may notify the third party of such belief.

11.2   A Party that receives documents from a third party pursuant to a subpoena will reproduce those documents to the other Parties within five (5) business days of receipt.

12. <u>MODIFICATIONS OF THIS ORDER</u>

This Order may be modified by the Court, or by agreement of the Parties, subject to approval of the Court.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this the 23rd day of January, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Fairhaven Health, LLC v. BioOrigyn, LLC, Joanna Ellington aka Joanna Clifton, and Dennis Clifton*, Case No. 2:19-cv-01860-RAJ. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

PROTECTIVE ORDER- 17
Case No. 2:19-cv-01860-RAJ